UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| NATHAN LEROY HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-00051-JSD |
| ) | |
| DEPARTMENT OF CORRECTION, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Nathan Leroy Hicks' application to proceed in the district court without prepaying fees or costs. Based on plaintiff's financial information, the Court finds that he does not have sufficient funds to pay the filing fee and will assess an initial partial filing fee of $1. Furthermore, based on a review of the complaint, the Court will dismiss this action without prejudice.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

This Court is required to review a complaint filed without payment of the filing fee to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). This Court must dismiss a complaint or any portion of it that is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

## The Complaint

Plaintiff brings this complaint under 42 U.S.C. § 1983 against defendants the Missouri Department of Correction (clothing issue and canteen) and "C.O. on duty" for violations of plaintiff's Eighth Amendment rights. Both defendants are sued only in their official capacities.

Plaintiff states that he "was issued toxic socks and other equipment such as combs, hair brushes, and shampoos" from the clothing issue and the canteen at both Crossroads Correctional Center and Bowling Green Correctional Center. He alleges this happened "around 2007." He states he suffered rashes and scars on his legs and toenail damage "that seems as if it is going to pull my toenail off." In a supplement to the complaint, plaintiff alleges the toothpaste at Crossroads Correctional Center contains toxins and is causing his teeth to fall out.

He also complains that while at Bowling Green Correctional Center, he was made to undergo more urine tests than he felt was fair. He states he had to do daily urine screenings for eighteen years, from 2000 to 2018. He states "[t]he excessive urination caused my prostate (and the toxins) to be removed and I believe caused my prostate illness." Plaintiff alleges these "deeds were done by any C.O. working clothing issue and canteen when I was going there."

For relief, plaintiff seeks whatever compensatory and punitive damages would be fair.[1]

## Discussion

Plaintiff's complaint is subject to dismissal on initial review because the Missouri Department of Corrections is not subject to suit under § 1983. As to his claims against the unnamed

---

[1] On September 22, 2023, plaintiff filed two letters to the Court seeking to add more claims to this case. As discussed, he alleges the toothpaste at Crossroads Correctional Center contains toxins and is making his teeth fall out. *See* ECF No. 4. The Court has incorporated plaintiff's allegations regarding the toothpaste into this Memorandum and Order. Second, plaintiff alleges his reading materials are being unconstitutionally censored. *See* ECF 4-1. These allegations are factually and legally distinct from the allegations in this case. Plaintiff shall file a separate civil rights complaint under § 1983 if he seeks to pursue these claims. The Court will mail him another form Prisoner Civil Rights Complaint Under 42 U.S.C. §1983.

- 3 -

correctional officers (COs), any incidents occurring in 2007 are time barred. Moreover, he has not stated a plausible constitutional violation arising out of the issuance of allegedly toxic commissary items and frequent urinalyses.

First, plaintiff's claim against the Missouri Department of Corrections must be dismissed for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Because the Missouri Department of Corrections is not a person subject to suit under § 1983 and because the Eleventh Amendment would bar such suit, the Court will dismiss plaintiff's claims against this defendant.

As to plaintiff's claims against "C.O. on Duty," these claims will be dismissed because the claims are barred by the statute of limitations. Plaintiff alleges that he was issued toxic socks, combs, and hairbrushes "around 2007" from "any C.O. working clothing issue and canteen [at Crossroad and Bowling Green Correctional Centers] when I was going there." Plaintiff's allegations arising out of occurrences "around 2007" are barred by the statute of limitations for bringing § 1983 claims, which is five years in Missouri. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). Because plaintiff filed this action on September 11, 2023, any allegations occurring before September 11, 2018 are barred by the five-year statute of limitations. Thus, any allegations of toxic items issued to him around 2007 are time barred.

To the extent plaintiff brings claims of alleged toxins in the commissary items issued after September 11, 2018, including his ongoing issue with the prison-issued toothpaste, he has failed to state a plausible claim of a constitutional violation. The Eighth Amendment protects inmates against the infliction of "cruel and unusual punishments." U.S. Const. amend. XIII. It has been interpreted as requiring that prisoners be given humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). An Eighth Amendment claim has both an objective and a subjective component. *See Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998).

With regard to the objective component, there must be "a substantial risk of serious harm" to the inmate. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). As to the subjective component, plaintiff must demonstrate that the prison official was deliberately indifferent, which "in this context means [an] actual intent that the inmate be harmed, or knowledge that harm will result, or reckless disregard of a known excessive risk to inmate health and safety." *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir. 1997). "Deliberate indifference under the Eighth Amendment is the equivalent of criminal recklessness: the defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hodges v. Department of Corrections*, 61 F.4th 588, 592 (8th Cir. 2023).

Liberally construed, plaintiff alleges the socks, hairbrushes, combs, and toothpaste at Crossroads Correctional Center and Bowling Green Correctional Center contained toxins, and that these toxins caused plaintiff skin rashes, scarring, toenail issues, teeth issues, and prostate cancer. Plaintiff's complaint does not allege, however, that any CO issuing him socks, hairbrushes, combs, or toothpaste knew that these items contained toxins or that they would be harmful to plaintiff. Nor does he allege that any CO disregarded this alleged safety risk. To the extent plaintiff alleges his frequent urinalyses at these institutions caused his prostate cancer, he also has not alleged any CO knew of any risk of cancer posed by urine testing and deliberately disregarded it. Because

plaintiff cannot allege a plausible claim of deliberate indifference arising out of the issuance of commissary items by various unnamed COs and frequent urinalyses, the Court will dismiss his claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a form prisoner civil rights complaint under 42 U.S.C. § 1983, which plaintiff shall use to file a separate case if he seeks to bring allegations of unconstitutional censorship at Crossroads Correctional Center.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE